UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS MOCABY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:19-cv-00580-GCS |
| UNITED STATES OF AMERICA, | ) |
| UNITED STATES ARMY CORPS OF | ) |
| ENGINEERS, MERSINO | ) |
| DEWATERING, INC., ALBERICI | ) |
| CONSTRUCTORS, INC., AECOM | ) |
| ENERGY & CONSTRUCTION, INC., | ) |
| and WASHINGTON GROUP- | ) |
| ALBERICI JOINT VENTURE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On May 31, 2019, Plaintiff Lewis Mocaby filed suit against all defendants pursuant to the Suits in Admiralty Act (46 U.S.C. § 30901, et seq.), the Jones Act (46 U.S.C. § 30104), the Public Vessels Act (46 U.S.C § 31101), and general Maritime Law. (Doc. 1). In his complaint, Plaintiff alleges that employees of Defendant Aecon Energy & Construction, Inc. ("Aecon") were assisting Plaintiff with welding a pipe necessary for construction on the renovation of the Olmsted Dam in Pulaski County, Illinois. *Id.* at p. 2, 6. Plaintiff and his co-workers completed this welding while on a barge. *Id.* at p. 6. When the boat operated by Defendant Aecon passed the barge, the pipe assembly fell and struck Plaintiff causing him injuries. *Id.*

Before the Court is Plaintiff's motion to compel directed against Defendants the United States of America and the United States Army Corps of Engineers (together, for the purposes of this motion, "the Government"). Specifically, Plaintiff seeks an unredacted copy of the Army's Board of Investigation ("BOI") report concerning the injuries Plaintiff sustained in this case. *See* (Doc. 107). The parties jointly informed the Court of a discovery dispute, and the Court held a hearing on the matter on June 25, 2021. (Doc. 106). Pursuant to the Court's orders, the parties have fully briefed their positions on the discovery dispute. (Doc. 107, 108, 109). The Court has also conducted an *in camera* review of the materials at issue. For the reasons delineated below, Plaintiff's motion to compel is **GRANTED in part and DENIED in part.**

## FACTUAL BACKGROUND

After sustaining the injury at issue in this case, but prior to Plaintiff filing suit, the Government conducted an investigation of the circumstances of Plaintiff's injury pursuant to specific orders. (Doc. 107, p. 4). These orders stated that the investigative board's purpose was to gather and evaluate information in order to determine the cause of the incident. *Id.* The investigation's circumstances, including a recreation of the incident, are contained in the BOI report. When asked about the circumstances of the incident, Plaintiff's supervisor, who was Defendant Mersino Dewatering, Inc.'s safety coordinator, testified that the investigators attempted to recreate the incident by moving the pipe off of the jack stands used to hold it in place. *Id.* at p. 5. However, Defendant Washington Group-Alberici Joint Venture's Rule 30(b)(6) designee testified during

deposition that the investigators did not attempt to remove the pipe during the recreation at issue. *Id*.

On December 4, 2018, counsel for Plaintiff filed a Freedom of Information Act ("FOIA") request directed to Defendant the United States Army Corps of Engineers. (Doc. 107, p. 2). Counsel requested copies of any incident reports, investigative reports, photographs, videos, and witness interviews related to Plaintiff's June 3, 2017 injury. *Id*. On March 14, 2019, the Government responded by producing a copy of the BOI report. *Id*. at p. 3. However, this copy was redacted pursuant to two FOIA exemptions. The Government redacted conclusions and recommendations in the report based on the deliberative process privilege pursuant to FOIA exemption No. 5, 5 U.S.C. § 552(b)(5), and personally-identifiable information pursuant to FOIA exemption No. 6, 5 U.S.C. § 552(b)(6). *Id*. at p. 3. Plaintiff did not appeal this decision and instead filed the present suit on May 31, 2019. *Id*.

During discovery, Plaintiff served on the Government a request for production of an unredacted copy of each investigative report, memorandum of concurrence, abstract report, climate data report, and any other document regarding the BOI's findings relating to Plaintiff's injury. (Doc. 107, p. 3). However, the Government objected to this request, claiming that the documents were protected from disclosure under the "safety privilege" and the deliberative process privilege. *Id*. The Government produced a copy of the BOI report with fewer redactions than the report Plaintiff initially obtained through his FOIA request; however, substantial redactions remained. *Id*. at p. 4.

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, parties may obtain discovery into any non-privileged matter relevant to a party's claim or defense so long as that discovery is proportional to the needs of the case. *See Pegues v. Coe*, No. 3:16-CV-00239-SMY-RJD, 2017 WL 4922198, at *1 (S.D. Ill. Oct. 31, 2017)(citing FED. R. CIV. PROC. 26(1)). The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. *See* FED. R. CIV. PROC. 26 advisory committee note to 1980 amendment. Accordingly, the relevancy requirement is broadly construed to include matters "that bear on, or that could reasonably lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citation omitted); *see also* FED. R. CIV. PROC. advisory committee note to 1946 amendment. Accordingly, the information sought need not be admissible at trial in order to be discoverable. *See* FED. R. CIV. PROC. 26(b)(1). Nevertheless, the relevancy requirement should be firmly applied, and a district court should not neglect its power to restrict discovery when necessary. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003); *Stephenson v. Florilli Transportation, LLC*, No. 3:18-cv-0103-NJR-DGW, 2018 WL 4699863, at *1 (S.D. Ill. Oct. 1, 2018).

## ANALYSIS

The Government posits two privileges which protect the BOI report from full disclosure: (i) the military safety privilege first outlined in *Machin v. Zuckert*, 316 F.2d 336 (D.C. Cir. 1963); and (ii) the deliberative process privilege delineated in FOIA Exemption No. 5. *See* 5 U.S.C. § 552 (b)(5); (Doc. 108, p. 3-11, 11-19). Both privileges are typically asserted in response to FOIA requests, though the military safety privilege is also asserted in civil litigation. The Government asserts that the Supreme Court has recognized the application of both privileges in discovery for civil litigation by analyzing the scope of the privileges in FOIA requests. (Doc. 108, p. 6). *See, e.g., United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799 (1984)(precluding the use of FOIA to supplement civil discovery and finding that these privileges incorporate federal civil discovery procedures)(citing *FOMC v. Merrill,* 443 U.S. 340, 353 (1979)).

Plaintiff contends that the Government's reasoning is a logical fallacy. The fact that the deliberative process and military safety privileges "incorporate[] civil discovery privileges" does not require that civil discovery privileges incorporate FOIA privileges. *See Weber Aircraft Corp.*, 465 U.S. at 799; (Doc. 107, p. 7). FOIA privileges, such as the deliberative process privilege, are designed "[t]o encourage candor" in an agency's decision making process. *United States Fish and Wildlife Service v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021). Thus, with respect to investigations, the deliberative process privilege is intended to "blunt[] the chilling effect that accompanies the prospect of disclosure" and "[t]o protect agencies from being 'forced to operate in a fishbowl[.]'" *Id.* (quoting *EPA v. Mink*, 410 U.S. 73, 87 (1973)). This concern is reduced in civil cases where the Government

is a litigant because the Government may request that the Court use a protective order to prevent the disclosure of information which may otherwise chill participation in investigations. (Doc. 109, p. 2). Plaintiff asserts that the Government's failure to request such a protective order should not diminish Plaintiff's ability to access the unredacted BOI report. *Id*. at p. 2-3.

Both FOIA and the Federal Rules of Civil Procedure are construed broadly in order to effectuate their respective purposes, *i.e.*, providing either the public or private litigants with access to information. *See Culinary Foods, Inc. v. Raychem Corp.*, 150 F.R.D. 122, 125 (N.D. Ill. 1993). Though the methods for obtaining information are not identical, "FOIA exemptions and discovery privileges do have some overlap." *Id*. Generally, information available under FOIA is available through discovery; however, information *unavailable* through FOIA is not necessarily *unavailable* through discovery. *Id*. (emphasis added). *See also American Civil Liberties Union v. Brown*, 609 F.2d 277, 280 n.1 (7th Cir. 1979)(stating that it "is not hereby suggested, of course, that only items to be disclosed under the FOIA are civilly discoverable"). Parties seeking information through FOIA requests face a more strenuous burden. While courts consider a litigant's need for the requested information as an essential factor in civil discovery, this consideration is not relevant to a FOIA request. *See Culinary Foods*, 150 F.R.D. at 125-126. Nevertheless, FOIA exemptions reflect Congressional judgment that certain sensitive government information should not be released without careful consideration. *Id*. at 126. FOIA exemptions, including the deliberative process privilege and military safety privilege, roughly correspond to discovery privileges acknowledged by federal courts. *Id.* Accordingly, where discovery

privileges and FOIA exemptions parallel, courts must apply both the traditional civil discovery balancing test between the movant's need for the information and the Government's interest in confidentiality and an examination of the underlying purposes of the FOIA exemptions at issue. *Id.* (citing *American Civil Liberties Union*, 609 F.2d at 280). "FOIA itself puts the burden upon the agency to justify its classification of the documents" when the Government claims those documents are protected by a FOIA privilege. *American Civil Liberties Union*, 609 F.2d at 280 (citing 5 U.S.C. § 552(a)(4)(B)).

As FOIA privileges and privileges under the Federal Rules of Civil Procedure work in tandem, the Court finds that both the deliberative process privilege and the military safety privilege are applicable in civil cases. However, these privileges require the Government to show that its interest in confidentiality outweighs the movant's need for the information at issue. The Court finds that the Government meets this burden only for some of the documents and information to which it objected to in its privilege log. Accordingly, Plaintiff's motion to compel is **GRANTED in part and DENIED in part**.

I. **The Deliberative Process Privilege**

The deliberative process privilege is a statutory privilege incorporated into FOIA itself. *See* 5 U.S.C. § 552(b)(5). This privilege exempts from production "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated[.]" *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). Officials "will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Dep't of the Interior v. Kalmath Water Users Protective Assn.*, 532 U.S. 1, 8-9 (2001).

Accordingly, the privilege applies to communications which are part of the decision-making process of a governmental agency. *See United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Its effect is "to make available to the general public those internal documents from agency files which are routinely available to litigants, unless some other document bars disclosure." *United States Dept. of Justice v. Julian*, 486 U.S. 1, 19 (1988)(Scalia, J., dissenting) (internal citations omitted). Although the deliberative process privilege is rooted in FOIA litigation, it's underlying rationale may warrant prohibiting the discovery of certain documents during civil litigation in order to avoid chilling free deliberation regarding government decision making.

Courts apply a two-part analysis in order to determine whether requested information is protected under the deliberative process privilege. *See Ferrell v. United States Dep't of Housing and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). First, the Government must establish that the privilege applies to the specific documents requested. *Id.* This showing requires that the Government demonstrate that the documents in question are pre-decisional and deliberative. *See Doe v. Freeburg Community Consolidated School Dist.*, No. 3:10-cv-00458-JPG-DGW, 2011 WL 2013945, at *2 (S.D. Ill. May 23, 2011) (internal citations omitted).[1] *See also Renegotiation Bd. v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168, 186 (1975)(noting that documents reflecting a final agency

---

[1]  There is an intra-circuit split regarding the elements of this prima facie case. Courts in the Northern District of Illinois apply a more strenuous three-step test, in which the Government must show that "precise and certain reasons" warrant the application of the privilege. *See Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005). However, Courts in this district employ the "simple, two-step process of ruling on the deliberative process privilege" where, as here, military secrets are not at issue. *See Monroe v. Jeffreys*, No. 3:18-CV-00156-NJR, 2020 WL 7405399, at *3 (S.D. Ill. Dec. 17, 2020).

decision and the reasons supporting it are not exempt from disclosure). Communications are pre-decisional if the Government generated the information prior to the adoption of a governmental policy. *See Doe*, 2011 WL 2013945, at *2. Communications are deliberative if they "involve the give and take of the consultive process." *Id. See also United States Fish and Wildlife Servs. v. Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021). Factual information, however, is explicitly excluded from this privilege. *See Enviro Tech Int'l, Inc. v. Environmental Protection Agency*, 371 F.3d 370, 374 (7th Cir. 2004). The Government must therefore turn over factual information which is not inextricably intertwined with the privileged communications related to the Government's decision-making process. *Id.*

Even if the Government establishes this prima facie case, the privilege is not absolute. The moving party may overcome the privilege if it shows a particularized need that outweighs protecting the information shielded by the government's deliberative process. *See United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Relevance alone is insufficient to overcome this privilege. *See Monroe v. Jeffreys*, Case No. 3:18-CV-00156-NJR, 2020 WL 7405399, at *3 (S.D. Ill. Dec. 17, 2020)(citing *Farley*, 11 F.3d at 1389). Instead, Courts apply a balancing test, examining: (i) the relevance of the documents to the litigation, (ii) the availability of other evidence serving the same purpose, (iii) the Government's role in the litigation, (iv) the seriousness of the issues in the litigation, and (v) the degree to which disclosure of these documents is likely to chill internal deliberation. *See Ferrell*, 177 F.R.D. at 429.

The Government objects to the unredacted production of eleven documents under the deliberative process privilege. They include the following bates labeled documents with explanations indicating why the document is being protected:

(i) US005409 (finding and opinion discussing possible contributory factors);

(ii) US005422-005425 (analysis of causal factors and recommendations to improve safety);

(iii) US005530 (findings and opinion related to direct causes);

(iv) US005531 (findings and opinion related to indirect causes and analysis and recommendations to improve safety);

(v) US005546 (findings and opinion related to causal factors and analysis and recommendations to improve safety);

(vi) US005547 (continuation of analysis and recommendations to improve safety);

(vii) US005548 (continuation of analysis and recommendations to improve safety); and

(viii) US00550 (discussion of causal factors)

(Doc. 107, Exh. 5).

In his motion to compel, Plaintiff states that he seeks only information related to whether the Government conducted a recreation of the incident giving rise to this case. (Doc. 107, p. 10). Specifically, Plaintiff narrows his request to purely factual information, *i.e.*, "what was done to recreate the accident in question, how it was done, and what happened." *Id*. In response, the Government asserts that the redacted portions of the BOI report include advice, opinions, and recommendations about the steps the Army should take in order to improve safety. (Doc. 108, p. 14). Safety investigators formed opinions

about the incident based on the deliberations contained in the report. *Id.* at p. 15. The investigators then forwarded those opinions to the authority responsible for deciding whether to implement the recommendations. *Id.*

An *in camera* review of document Bates No. US005530 reveals that the only redacted portion of the document is a single sentence regarding the direct cause of the accident. The sentence states the factual events which led to the accident and describes the injury which occurred. However, the sentence does not contain an opinion regarding what caused the factual events directly preceding the injury, nor does it contain analysis regarding how those events could be prevented in the future. Similarly, a single sentence describing the results of a pipe roll test is redacted on document Bates No. US005409. This sentence explains the conclusion of the test. Though the sentence describes factual circumstances which may have contributed to the injury, it does not provide analysis regarding how those events might be prevented in the future. For the sentences in both Bates No. US005530 and US005409, there is no "give and take" contributing to the consultive process. The Government therefore fails to meet its prima facie burden to show that these documents contain information which is both pre-decisional and deliberative.

The balance of the equities also favor disclosure. These documents are clearly relevant to the litigation, as they pertain to the causation of Plaintiff's injuries. Furthermore, the Government is a party to this litigation, as such, it faces a higher burden in demonstrating that non-disclosure is appropriate. As the Government has failed to meet its prima facie burden to justify protection of this information, it fails to demonstrate that non-disclosure is appropriate when balanced against Plaintiff's need for the

information. Therefore, the redacted information outlined in Bates No. US005530 and in Bates No. US005409 must be disclosed to Plaintiff in an unredacted form.

The portion of the BOI report at Bates No. US005550 is also entirely factual. This document includes a description of the events leading up to the accident in narrative form. It does not include recommendations for future action or advisory opinions as to future policies. As the Government cannot meet its prima facie burden to demonstrate that it has a need to keep this information classified, the Court finds that the balance of the equities also favor Plaintiff, and this document must be disclosed without redaction.

In contrast, the Government has met its prima facie burden to demonstrate that the deliberative process privilege applies to Bates Nos. US005546, US005547 and US005548. The information contained in these documents is pre-decisional and deliberative. While portions of these documents contain factual information, the information is used to directly support recommendations for future actions necessary to prevent similar accidents. These facts are discussed only in the context of how they influenced the accident and the resulting injury. They are therefore inextricably intertwined with the recommendations forming the "give and take" of the deliberative process necessary for taking action to prevent accidents like the one at issue in the future.

Bates No. US005531 also contains pre-decisional and deliberative information. The document includes a portion titled "indirect causes" and a portion titled "action(s) taken, anticipated, or recommended to eliminate cause(s)." The contents of both sections are redacted. (Doc. 107, Exh. 5, p. 138). The information listed under "indirect causes" provides factual data regarding the pipe's spacing and placement; however, it also

includes an opinion regarding whether and how that spacing contributed to the accident. It concludes with an overall recommendation as to what factors influenced the accident. Similarly, the information outlined in the "action(s) taken" section provides factual information regarding the immediate response to the accident. It also includes recommendations for steps necessary to eliminate future, similar accidents predicated on the Government's immediate responses. The recommendations on this page are the clear result of the deliberative process and are also pre-decisional. *See, e.g.*, *United States Fish and Wildlife Servs.*, 141 S.Ct. at 786-787 (finding that opinions which contemplate further review by those in positions of authority in the governmental agency are pre-decisional). Moreover, because these recommendations and conclusions are predicated on the facts outlined in the sections, these facts are intertwined with the recommendations, and cannot be isolated for unredaction. The Government therefore meets its prima facie burden to apply the deliberative process privilege to Bates No. US005531.

Lastly, the portions of the BOI report at Bates Nos. US005422-5425 also contain information protected by the deliberative process privilege. The redactions on these pages begin at the bottom of US005422. These pages contain only the recommendations and remarks disclosing the investigators' opinion regarding why the facts indicate that these recommendations are necessary – a process inherent to the deliberation regarding whether to implement those recommendations. Accordingly, the Government has met its prima facie burden regarding these documents.

The balance of the equities also favors non-disclosure of the documents at Bates Nos. US005546, US005547, US005548, US005531, and US005422-005425. These documents

are clearly relevant to the litigation as they pertain to the causation of Plaintiff's injuries. However, Plaintiff also has access to information indicating whether a recreation occurred and the circumstances of that recreation in the unredacted portion of the BOI. Plaintiff requests information regarding: "the date, time and location of the reenactment; steps taken to approximate the conditions present at the time of the accident; whether the pipe fell from the jack stands during the reenactment; any description of the torques, leverage or other application of force applied to the pipe during the reenactment; and, whether any part of the reenactment was performed while the barge was being affected by the wake of a passing vessel." (Doc. 107, p. 16). Two witnesses disagreed in their deposition testimony as to whether the Government attempted a recreation. *Id.* at p. 17. However, the unredacted portion of the BOI report makes clear that Government investigators attempted a recreation. (Doc. 107, Exh. 4, p. 16). The unredacted portion of the BOI report states that the pipe was re-set on the jack stands with additional brackets for safety. *Id.* It further states that investigators recreated the rolling action with the use of a lever to add horizontal force. *Id.* This information contextualizes the conflicting deposition testimony and resolves any discrepancy between the statements: a recreation clearly occurred, and to the extent that Plaintiff seeks further information regarding the conclusions of the recreation, he may obtain that information from those witnesses whose memories align with the BOI report available to Plaintiff. As Plaintiff has access to the information he claims to seek in the unredacted portion of the BOI, there is no need to require further disclosures to the portions of the redacted BOI report to which the deliberative process privilege applies. The deliberative process privilege therefore shields

the Government from providing a further unredacted copy of the BOI report, and Plaintiff cannot demonstrate that his need sufficiently outweighs the Government's interest in maintaining the confidentiality of these portions of the BOI report.

## II.     The Military Safety (*Machin*) Privilege

The Government objects to the production of the portion of the BOI report at the following pages on the basis of the military safety privilege or *Machin* privilege:

(i)     Bates No. US005403 (finding and opinion related to use of roller stands);

(ii)    Bates No. US005407 (finding and opinion related to condition of piping);

(iii)   Bates No. US005408 (opinion discussing possible cause of Plaintiff's injury);

(iv)    Bates No. US005409 (finding and opinion discussing possible contributory factors);

(v)     Bates No. US005528 (opinion related to severity of injury);

(vi)    Bates No. US005529 (opinion related to causal factors);

(vii)   Bates No. US005530 (findings and opinions related to direct causes);

(viii)  Bates No. US005550 (discussion of causal factors);

(ix)    Bates No. US005552 (USACE witness statement summaries redacted);

(x)     Bates No. US005554 (USACE witness statement summaries redacted);

(xi)    Bates No. US005556 (USACE witness statement summaries redacted);

(xii)   Bates No. US005558 (USACE witness statement summaries redacted);

(xiii)  Bates No. US005560 (USACE witness statement summaries redacted);

(xiv)   Bates No. US005562 (USACE witness statement summaries redacted);

(xv)    Bates No. US005564 (USACE witness statement summaries redacted);

    (xvi)    Bates No. US005566 (USACE witness statement summaries redacted); and

    (xvii)    Bates No. US005568 (USACE witness statement summaries redacted).

The *Machin* privilege primarily applies in civil litigation, though it is also incorporated into FOIA Exemption No. 5. *See FTC v. Grolier, Inc.*, 462 U.S. 19, 26-27 (1983). Under this privilege, confidential statements made to air crash safety investigators are privileged with respect to pre-trial discovery. *See United States v. Weber Aircraft Corp.*, 465 U.S. 792, 796 (1984)(citing *Machin v. Zuckert*, 316 F.2d 336 (D.C. Cir. 1963), cert. denied, 375 U.S. 896 (1963)). *Machin* establishes two prongs to the military safety privilege: (i) witnesses' confidential statements, and the conclusions based on those statements; and (ii) deliberations or recommendations as to the appropriate policies to pursue. *See Badhwar v. U.S. Dep't of the Air Force*, 829 F.2d 182, 184 (D.C. Cir. 1987). The Government acknowledges that investigators did not promise witnesses confidentiality when investigating the accident at issue; instead, it relies on prong (ii) of the *Machin* privilege. (Doc. 108, p. 10).

The primary purpose of the privilege is to facilitate the efficient operation of a Government program and to protect national security by promising witnesses to a military accident the confidentiality necessary to speak freely to investigators regarding the incident. *See id*. at 803 n.24 (citing *Machin*, 316 F.2d at 339). However, *Machin* strongly implies that this privilege applies only in cases concerning Air Force accidents or at the very least incidents involving military aircraft. The Court in *Machin* pointed out that the privilege was necessary to protect the flight safety program, which "contributed greatly to a continuously decreasing rate of accidents involving Air Force planes and personnel."

316 F.3d at 338. The success of that program depended on investigators' ability to encourage frank and full cooperation from witnesses. *Id*. Requiring the Government disclose this information after providing such promises would therefore weaken the flight safety program, and resultingly "impair the national security by weakening a branch of the military." *Id*. at 339. Indeed, courts in the Seventh Circuit have recognized that the *Machin* privilege only applies to confidential statements made with respect to aircraft safety investigators. *See Nickerson v. United States*, No. 95 C 7395, 1996 WL 563465, at *3 (N.D. Ill. Oct. 1, 1996).

The Government points to no similar program placed at risk by disclosure of the information to which it objects in this case. Furthermore, an *in camera* review of the documents at issue reveals that these documents do not contain deliberations or recommendations regarding appropriate policies to pursue as required under the second *Machin* prong. To the contrary, Bates No. US005403 contains a diagram outlining the diameters of the pipe. Although, the last phrase appears to indicate a conclusion, it does not include deliberations or recommended actions the Government should pursue. Bates No. US005407 includes a written summary of the recreation at issue and a conclusion in the last sentence based on the factual numbers stated above it. Again, however, there is no discussion regarding deliberations or recommended actions. Bates No. US005408 includes pictures of the recreation with captions. Though one caption states that witnesses claimed a glove was caught in a bracket as the pipe fell, this statement does not indicate any deliberations or recommendations. Bates No. US005409 contains a conclusion from the team which recreated the circumstances of the injury; however, it

does not include deliberations or recommended actions the Government should pursue. Likewise, Bates Nos. US005528 and US005529 include the *witness's* opinion as to the cause of the accident, but do not include the investigator's opinions, much less anything indicating deliberations or recommendations. Bates No. US005530 similarly describes the factual events suspected to cause the injury but does not contain deliberations about the policies which would prevent the event from happening in the future. Furthermore, Bates No. US005550 contains purely factual information, rather than any deliberation or recommendation as to policies to pursue. Bates Nos. US005552-US005568 also contain the investigator's summary of the interview; however, it appears that this summary describes the *witnesses'* opinions, rather than those of the interviewer. More importantly, there is nothing in these documents indicating deliberations or recommendations. Accordingly, even if the *Machin* privilege applied to cases which did not concern the Air Force or accidents not involving military aircraft, it would not apply to the documents in this case. The Court therefore finds that the Government must disclose unredeacted versions of these documents.

## CONCLUSION

For the above-stated reasons, Plaintiff's motion to compel (Doc. 107) is **GRANTED in part and DENIED in part**. The motion to compel is granted as to the portion of the BOI report labeled Bates Nos. US005530, US005403, US005407, US005408, US005409, US005528, US005529, US005530, US005550, US005552, US005554, US005556, US005558, US005560, US005562, US005564, US005566, and US005568. The motion to compel is denied as to the portion of the BOI report labeled Bates Nos. US005531, US005546, US005547, US005548, US005422, US005423, US005424, and US005425.

**IT IS SO ORDERED.**

**DATED: November 24, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.11.24 09:51:40 -06'00'

_____

**GILBERT C. SISON**
**United States Magistrate Judge**